MOSK, J.
I dissent.
Defendant is an African-American. He was tried by a jury from which all prospective jurors of his own race had been excluded by the prosecutor, and was convicted, found sane, and sentenced to death in accordance with that jury’s verdicts and findings. If supported by a good reason on the prosecutor’s part or at least not by a bad one, such exclusion would be unobjectionable under the law. If not, it would amount to a reversible-per-se violation of defendant’s right to trial by a jury drawn from a representative cross section of the community under article I, section 16 of the California Constitution, as construed in People v. Wheeler (1978) 22 Cal.3d 258 [148 Cal.Rptr. 890, 583 P.2d 748], and it would also amount to a separate and independent reversible-per-se violation of his right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution, as construed in Batson v. Kentucky (1986) 476 U.S. 79 [106 S.Ct. 1712, 90 L.Ed.2d 69]. Regrettably, the exclusion in question shows itself to fall in the latter category.
Under both Wheeler and Batson, there is a presumption that a prosecutor exercises his peremptory challenges without a purpose to discriminate. (People v. Alvarez (1996) 14 Cal.4th 155,193 [58 Cal.Rptr.2d 385, 926 P.2d 365].) The defendant bears the burden to show, prima facie, the presence of prohibited intent. (Ibid.) If he succeeds, the burden shifts to the prosecutor to show its absence. (Ibid.) If he fails, the intent in question is established. (Ibid.)
During jury selection, defendant moved to quash the panel and to commence the process anew on the ground that the prosecutor had exercised his peremptory challenges against African-American prospective jurors with a purpose to discriminate. The prosecutor had faced three such persons, and three such persons only: Judith Credic, Donald Haynes, and Audrey Parker. He had stricken each and every one, and had thereby obtained an all-White jury. The court impliedly found that defendant made a prima facie showing of prohibited intent. The prosecutor stated what he said were his reasons. The court then found that the prosecutor showed the absence of such intent—“I will find that there is no Wheeler” or Batson “violation based upon the explanation that” the prosecutor “has given as to each and every one of the three jurors” (italics added)—and proceeded to deny the motion.
The court erred. The prosecutor simply did not show that he had exercised his peremptory challenges against the African-American prospective jurors without a purpose to discriminate. We need not consider his stated reasons as to each of the three. If they are insufficient as to any one, they are *205 insufficient as to all. To strike even a single prospective juror with prohibited intent reversibly violates the defendant’s state and federal constitutional rights. (See, e.g., People v. Clair (1992) 2 Cal.4th 629, 653 [7 Cal.Rptr.2d 564, 828 P.2d 705].) The prosecutor so struck Audrey Parker. He purported to explain his action thus: “She could only go for the death penalty in some cases if there was no insanity.” “That was my primary reason, because I felt that she would cut [defendant] slack. None of’ certain other prospective jurors “indicated that they would cut or favor life without possibility of parole if there was a mental problem, and that is the guts and essence of the defense case here.” The court credited the prosecutor’s explanation. Its view should of course be deferred to if supported by substantial evidence. (See People v. Alvarez, supra, 14 Cal.4th at pp. 196-197.) It is not. The prosecutor’s unfortunate complaint that Parker “could only go for the death penalty ... if there was no insanity” trips him up. On voir dire, Parker demonstrated that she could, and would, follow the law in this cause. Thus hemmed in by the facts, all the prosecutor could do—and did—was to try to salvage his strike by effectively charging that she would abide by the juror’s oath.
In view of the foregoing, I am compelled to conclude that the exclusion by the prosecutor of all the African-American prospective jurors from defendant’s jury violated his state and federal constitutional rights and requires reversal of the judgment in its entirety. [1]
Appellant’s petition for a rehearing was denied April 30, 1997, and the opinion was modified to read as printed above. Mosk, J., and Werdegar, J., were of the opinion that the petition should be granted.

 Because of the conclusion I reach, I need not, and do not, proceed further. Were I to do so, I would join Justice Werdegar’s concurring and dissenting opinion in its treatment of the sanity and penalty phases of defendant’s trial.